IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lynch, II,<br><br>                Plaintiff,<br>vs.<br><br>Manesha Jothani, M.D., Chief of CT Department of Health; and CT Medical Licensing Board,<br><br>                Defendants. | Civil Action No. 3:24-cv-2828-CMC<br><br>**ORDER** |

    This matter is before the court on Plaintiff's Complaint regarding his medical license in Connecticut. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

    On June 4, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be transferred to the District of Connecticut. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a motion for a hearing, a letter with his Curriculum Vitae attached, objections to the Report, a notice of documentation of homelessness, and a notice of change of address. ECF Nos. 13, 14, 15, 17, 18.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be transferred to the District of Connecticut, as venue is improper in South Carolina. ECF No. 9 at 2-3. Plaintiff's objections note he previously filed a case in "Bridgeport Federal District Court" that "became moot due to [his] homelessness and inability to respond in time." ECF No. 15 at 1. "As to proper venue," he states, "the National Practitioners Data Bank is in Fairfax, Virginia, not Connecticut." *Id.*

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's finding that venue is improper in South Carolina. Plaintiff stated in his objections that he previously filed suit in Connecticut District Court. However, while he states that case became moot, the Connecticut docket reveals the case has not been dismissed and remains pending. Case No. 3:23-cv-00314-OAW (D. Conn.).[1] Accordingly, the court need not transfer the instant complaint to the District of

---

[1] This court may take judicial notice of matters of public record. *See Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009).

Connecticut, as a lawsuit on the same grounds remains pending in that court.[2] The court declines to accept the Report's recommendation to transfer venue. This matter is hereby summarily dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) ("The district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").[3]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 2, 2024

---

[2] Plaintiff may contact that court and update his address so he is able to receive filings.

[3] Plaintiff's pending motions (ECF Nos. 3, 7, 8, 13) are denied as moot.